UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Application Regarding

21-067-04

No. ___4:21-mj-61___

REDACTED APPLICATION FOR
AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF A
PEN REGISTER AND TRAP AND
TRACE DEVICE, AND FOR
SUBSCRIBER INFORMATION

The United States of America, moving by and through Special Assistant
United States Attorney Mark Hodges, respectfully submits under seal this *ex
parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123,
authorizing the continued installation and use of a pen register and trap and
trace device or process ("pen-trap device") to record, decode, and/or capture
dialing, routing, addressing, and signaling information associated with each
communication on telephone number ██████████ **(Target Cellular Device)**
described in Attachment A, which is serviced by AT&T, an electronic
communications service provider.

In support of this application, the United States asserts:

1.      This is an application made under 18 U.S.C. § 3122(a)(1), for an
order under 18 U.S.C. § 3123 authorizing the installation and use of a pen
register and trap and trace device.

2.      Such an application must include three elements: (1) "the identity
of the attorney for the Government or the State law enforcement or investigative

officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3.    The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to 18 U.S.C. § 3122, may apply for an order authorizing the installation of a trap and trace device and pen register.

4.    The law enforcement agency conducting the investigation is the Drug Enforcement Administration.

5.    Applicant certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration of possible violations of 21 U.S.C. §§ 841(a)(1) and 846 by ███████████████████████ ████████████████████████ and others yet unknown.

6.    This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2).   Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated."   18 U.S.C. § 3127(2)(A)(i).

ADDITIONAL INFORMATION

7.    Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.   The following

additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.     A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted."  18 U.S.C. § 3127(3).  A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9.     A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications.  Individuals using cell phones contract with cellular service providers, such as AT&T, who maintain antenna towers ("cell towers") covering specific geographic areas.  In order to transmit or receive calls and messages, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

10.     In the cellular telephone context, pen registers capture the destination phone numbers of outgoing calls or Short Message Service ("SMS") and Multimedia Message Service ("MMS") messages, while trap and trace devices capture the phone numbers of incoming calls or SMS and MMS messages (the latter of which may include text, photos, or videos).  These numbers can then

be used to identify the parties to a communication without revealing the communication's contents, and they can be recorded by a pen/trap device.

11.     A cell phone can also be used to exchange SMS or MMS messages with email accounts.   The email addresses associated with those text messages can be recorded by a pen/trap device and used to identify parties to a communication without revealing the communication's contents.

12.     In addition to being assigned a unique telephone number, each cell phone has one or more unique identifiers embedded inside it.   Depending upon the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI").   When a cell phone connects to a cell tower, it reveals its embedded unique identifiers to the cell tower, and the cell tower records those identifiers as a matter of course.   These identifiers, transmitted as part of the communication between cell phone and cell tower, can be recorded by a pen/trap device and indicate the identity of the cellular device communicating with the cell tower without revealing the communication's content.

13.     I am advised by David Sundet, Special Agent, Drug Enforcement Administration, of the following.

14.     The telephone that is the subject of this application is currently assigned telephone number ████████████**Target Cellular Device)** and operated on the network of AT&T.

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████

████████████████████████████████

████████████████████████████████████

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

39. I believe **Target Cellular Device** is being used in furtherance of [redacted]

███████████████████████████████████████████████████

███████████████████████████████████████████████ data

will be discovered through the use of a Pen Register.

40.     The above conduct being investigated involves use of the cell phone number described in Attachment A.   To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number.

41.     The pen/trap device sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

-       Source and destination telephone numbers;

-       Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and

-       Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN, associated with the cell phone device or devices used to make or receive calls or send and receive texts with cell phone number described in Attachment A.

GOVERNMENT REQUESTS

42.    For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the cell phone number described in Attachment A, to include the date, time, and duration of the communication, without geographic limit.   The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

43.    The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

44.    The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order AT&T and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration, pursuant to 18 U.S.C. § 3124(c), for reasonable

expenses incurred in providing facilities and assistance in furtherance of this Order.

45.   The United States further requests that the Court order AT&T and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the Drug Enforcement Administration to provide prior notice to the applicant and the Drug Enforcement Administration before terminating or changing service to the cell phone number.

46.   The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

47.   The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

48.   The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this application and Order and provide certified copies of this Order to the Drug Enforcement Administration and AT&T upon request.

Executed on this 15th day of April, 2021.

DENNIS R. HOLMES
Acting United States Attorney

Mark Hodges
Special Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone:  (605)357-2346
Facsimile:   (605)330-4410
E-Mail: Mark.Hodges@usdoj.gov

In the Matter of the Application Regarding    No. ___4:21-mj-61_____

21-067-04                                     REDACTED ATTACHMENT A

| Facility | Account Number or identifier | Subscriber, if known | Subject of investigation, if known |
|----------|------------------------------|----------------------|-----------------------------------|
| ███      | ███████                      | ████████             | ████████                          |

–1–

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Application Regarding:

21-067-04

No. ___4:21-mj-61___

REDACTED ORDER FOR PEN
REGISTER AND TRAP/TRACE
DEVICE

Mark Hodges, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order continuing and authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the account associated with subscriber described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Agency and Bureau of Alcohol, Tobacco, Firearms and Explosives, of unknown individuals in connection with possible violations of 21 U.S.C. §§ 841(a)(1) and 846 and others.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the Drug Enforcement Agency and Bureau of Alcohol, Tobacco, Firearms and Explosives may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the account associated with subscriber

described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

    a. IP addresses associated with the cell phone device or devices used to send or receive electronic communications.

    b. Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the **TARGET CELLULAR DEVICE**, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN.

    c. IP addresses of any websites or other servers to which the cell phone device or devices connected.

    d. Source and destination telephone numbers and email addresses.

    e. "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c).

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that AT&T and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the Drug Enforcement Agency reasonably compensate AT&T and any other person or entity whose assistance facilitates

execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that AT&T and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Drug Enforcement Agency of any changes relating to the account associated with subscriber described in Attachment A, including changes to subscriber information, and to provide prior notice to the Drug Enforcement Agency before terminating or changing service to the account associated with subscriber;

IT IS FURTHER ORDERED that the Drug Enforcement Agency, Bureau of Alcohol, Tobacco, Firearms and Explosives and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the Drug Enforcement Agency and Bureau of Alcohol, Tobacco, Firearms and Explosives, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that AT&T and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that AT&T may disclose this Order to an attorney for AT&T for the purpose of receiving legal advice;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 2703(c)(1)(B) and (d), that the Internet and Mail Service Provider(s) revealed from the IP and email

addresses captured on the pen register and trap and trace device and the IP addresses produced on the IP address history log, provide all information concerning the account assigned the specific IP and/or email addresses at the specific date and time, to include without limitation all subscriber information, caller identification/ANI information if the account is a dial up account or physical termination point if the account is Cable, DSL, ISDN, T1, and any cellular handset information such as (MEID,IMEI,MIN,MDC,MAC address) or the like;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with three certified copies of this application and Order and shall provide copies of this Order to the Drug Enforcement Agency, Bureau of Alcohol, Tobacco, Firearms and Explosives and AT&T upon request.

Dated: 4-15-21

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

-4-